# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 09-467V
Filed: July 24, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DEMETRICE MATHIS, parent of N.M., a minor, | * * * | **UNPUBLISHED** |
| Petitioner, | * * | Special Master Dorsey |
| v. | * * | Dismissal Decision; Insufficient Proof; Diptheria-Tetanus-acellular |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Pertussis (DTaP) vaccine seizure disorder; SCN1A gene variant. |
| Respondent. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Ronald Craig Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Glenn Alexander MacLeod</u>, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION**[1]

On July 21, 2009, Demetrice Mathis ("petitioner") filed a petition on behalf of her daughter, N.M., for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et seq.</u> (2006) ("Vaccine Act"). The petition alleged that N.M. suffered a seizure disorder as a result of receiving a diphtheria-tetanus-acellular pertussis ("Dtap") vaccination on August 10, 2006. On March 22, 2010, respondent filed a report pursuant to Vaccine Rule 4(c), maintaining that compensation was inappropriate and that the petition should be dismissed. An entitlement hearing was held on August 11, 2011. Following the hearing, the special master then assigned to the case ordered that the parties collaborate to arrange for N.M. to undergo genetic testing. Genetic testing revealed that N.M. has the SCN1A gene variant linked to severe seizures.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

On July 23, 2014, petitioner filed a motion for a decision dismissing their petition. In her motion, petitioner states that she "has been unable to secure further evidence required by the court to prove entitlement to compensation in the Vaccine Program." Petitioner further states that she has been advised by her counsel that a decision dismissing her petition will result in a judgment against her and will end all of her rights in the Vaccine Program. Petitioner states that she intends to protect her rights to file a civil action in the future and that she intends to reject the Vaccine Program judgment in order to file her civil action. Respondent does not oppose petitioner's motion for a decision dismissing the petition.

**Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master